# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GENERAL MOTORS CORPORATION,**
**Employer Below, Petitioner**

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0715**  (BOR Appeal No. 2051220)
(Claim No. 2014015430)

**JOSEPH AGOSTINO,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner General Motors Corporation[1], by Timothy Huffman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[2]

In the instant appeal, General Motors Corporation appeals the decision of the Board of Review affirming an Order of the Office of Judges granting Mr. Agostino a 2% permanent partial disability award. On December 29, 2014, the claims administrator granted Mr. Agostino a 0% permanent partial disability award. However, the Office of Judges reversed the claims administrator's decision and granted Mr. Agostino a 2% permanent partial disability award in its Order dated February 26, 2016. This appeal arises from the Board of Review's Final Order dated June 27, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The Board of Review erroneously listed the petitioner in the instant appeal as "General Motors, LLC".

[2] General Motors Corporation's appellate brief was filed by Courtney Moore, Esq. However, Ms. Moore withdrew as counsel for General Motors on January 27, 2017. General Motors is now represented by Mr. Huffman.

1

Mr. Agostino sustained two facial lacerations on the left side of his face when he struck a column while driving a piece of equipment on November 1, 2013. On July 9, 2014, Mr. Agostino was evaluated by Stanley Hirschberg, M.D., regarding a possible revision of the scars resulting from the November 1, 2013, injury. On July 23, 2014, Dr. Hirschberg authored a letter in response to questions posed by the claims administrator. Dr. Hirschberg noted that he evaluated two scars on Mr. Agostino's face, one on the left eyebrow and one on the lower left forehead, for a possible scar revision. Dr. Hirschberg then opined that Mr. Agostino has reached maximum medical improvement and has no permanent impairment arising from the scars. The claims administrator granted Mr. Agostino a 0% permanent partial disability award on December 29, 2014.

Bruce Guberman, M.D., performed an independent medical evaluation on May 26, 2015. Dr. Guberman noted that Mr. Agostino reported that his facial scars are irritating and pruritive. Dr. Guberman then opined that Mr. Agostino has reached maximum medical improvement. Utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Guberman placed Mr. Agostino in facial impairment class I and concluded that Mr. Agostino sustained 2% whole person impairment as a result of two slightly disfiguring, symptomatic scars.

The Office of Judges reversed the December 29, 2014, claims administrator's decision and granted Mr. Agostino a 2% permanent partial disability award. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated June 27, 2016. On appeal, General Motors Corporation asserts that Dr. Hirschberg's finding that Mr. Agostino sustained 0% whole person impairment most accurately represents the amount of Mr. Agostino's true impairment and, therefore, requests that the December 29, 2014, claims administrator's decision be reinstated.

The Office of Judges found that it is unclear which evaluation method Dr. Hirschberg utilized in arriving at his conclusion that Mr. Agostino sustained 0% whole person impairment as a result of his injuries. In contrast, the Office of Judges noted that Dr. Guberman utilized the American Medical Association's *Guides*, as is required by West Virginia Code of State Rules § 85-20-65.1 (2006), in determining that Mr. Agostino sustained 2% whole person impairment as a result of his injuries. Therefore, the Office of Judges concluded that Dr. Guberman's report is more reliable than the report of Dr. Hirschberg and determined that Mr. Agostino sustained 2% whole person impairment as a result of the facial lacerations which occurred on November 1, 2013. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3